IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Calvin Baker, <br> Petitioner, <br><br> v. <br><br> Harold Clarke, <br> Respondent. | ) <br> ) <br> ) <br> )     1:14cv383 (TSE/JFA) <br> ) <br> ) <br> ) |

MEMORANDUM OPINION

Calvin Baker, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his arson conviction in the Circuit Court for the City of Virginia Beach, Virginia. The petition was received on April 3, 2014.[1] On August 14, 2014, respondent filed a Motion to Dismiss and a Rule 5 Answer, with a supporting brief and numerous exhibits. As required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), petitioner was given the opportunity to file responsive materials. He did so, filing a reply on September 8, 2014. The petition asserts seven claims: four claims of ineffective assistance of trial counsel, one claim of ineffective assistance of appellate counsel, one claim that the trial court lacked jurisdiction over his offense, and one claim that the Supreme Court of Virginia failed to appoint counsel for petitioner during his first state habeas proceeding. For the reasons that follow, all of these claims fail, and the petition must be dismissed.

---

[1] A petition is deemed filed for statute of limitations purposes when the prisoner delivers his pleading to prison officials. Houston v. Lack, 487 U.S. 266 (1988). The record does not include the date on which petitioner delivered his petition to prison officials, but this date is not material to the analysis in the instant case.

I.

On June 20, 2011, petitioner pled guilty to one count of arson in the Circuit Court for the City of Virginia Beach. Commonwealth v. Baker, Case No. CR11-1256. The record reflects that this was not petitioner's first arson conviction. He had previously been convicted of arson in 2009. See, e.g., Trial Transcript ("Tr. Trans."), Baker v. Commonwealth (Nov. 9, 2011), at 31. With respect to petitioner's 2011 arson conviction, the record reflects that, on February 28, 2011, petitioner set fire to his mother's house, where he also lived. The two family dogs died in the fire. See id. at 28; see also Plea Hearing, Baker v. Commonwealth.

Following petitioner's plea, the Virginia Beach circuit judge sentenced him to 40 years in prison, with 20 years suspended, on November 9, 2011. On November 30, 2011, the same judge denied petitioner's motion to withdraw his guilty plea, a motion based on petitioner's claim that he had additional evidence showing that he may have been insane at the time of the offense.[2] Petitioner challenged the denial of his motion to withdraw his guilty plea in the Court of Appeals of Virginia. The Court of Appeals of Virginia denied the petition for appeal on May 10, 2012, and a three-judge panel denied a petition for rehearing on August 29, 2012. Baker v. Commonwealth, R. No. 2468-11-1 (Va. Ct. App. 2012). Petitioner did not appeal his conviction or sentence to the Supreme Court of Virginia.

On August 12, 2013, petitioner filed a petition for writ of habeas corpus in the Supreme Court of Virginia, arguing only that his appellate counsel was ineffective for withdrawing from his appeal without notice and without filing an Anders[3] brief.[4] The Supreme Court of Virginia

---

[2] On this motion, petitioner was represented by new, retained counsel.

[3] Anders v. California, 386 U.S. 738 (1967).

[4] It appears that petitioner alleged only one claim in his first state habeas petition when he

2

dismissed the petition on March 14, 2014. Baker v. Dir. of the Dep't of Corr., R. No. 1313240 (Va. 2014). On March 25, 2014, petitioner filed a second petition for a writ of habeas corpus in the Supreme Court of Virginia, asserting the following six claims:

1. That trial counsel was ineffective for failing adequately to investigate an insanity defense;

2. That trial counsel was ineffective for failing to order a competency evaluation prior to petitioner's guilty plea;

3. That petitioner's guilty plea was involuntary due to trial counsel's failure to advise him of the sentencing guidelines;

4. That trial counsel was ineffective for failing to negotiate a plea bargain with the prosecution;

5. That the trial court lacked jurisdiction over the offenses due to a defective indictment; and

6. That the Supreme Court of Virginia erred in failing to appoint counsel in petitioner's first state habeas petition.

The Supreme Court of Virginia dismissed the petition on May 1, 2014 as time-barred, pursuant to Virginia Code § 8.01-654(A)(2). Baker v. Clarke, R. No. 140513 (Va. 2014).

In his federal habeas petition at issue here, petitioner initially alleged only that appellate counsel was ineffective for withdrawing from his appeal without notice and without filing an Anders brief. It appears that petitioner alleged only a single claim for habeas relief in his first federal petition because he misread Virginia Code § 8.01-654(B)(2), as it appears he did when filing his first state habeas petition. After being allowed to amend his petition, petitioner filed an amended petition on May 6, 2014, alleging the same seven claims raised in his state habeas petitions. Dkt. 6.

---

misconstrued Virginia Code § 8.01-654(B)(2) as only permitting him to file one claim for relief. This provision mandates that all writs of habeas corpus must contain all allegations known to petitioner at the time of filing, except when "the sole allegation of such petition is that the petitioner was deprived of the right to pursue an appeal." Id.

3

## II.

The record reflects, and respondent does not contend otherwise, that petitioner has exhausted all of his claims, as required by 28 U.S.C. § 2254(b). Although petitioner has met this requirement, he has failed to comply with the timeliness requirement set forth in Virginia Code § 8.01-654(A)(2). Specifically, the Supreme Court of Virginia held that his four ineffective assistance of trial counsel claims, his claim of lack of trial court jurisdiction, and his claim of Virginia Supreme Court error, filed in his second state habeas petition, were all procedurally barred from review by Virginia Code § 8.01-654(A)(2), which requires a habeas petition to be filed within either two years of the final judgment of trial or one year of the final disposition of direct appeal. See Baker v. Clarke, slip op., at 1. This ruling by the Supreme Court of Virginia significantly affects the scope of federal habeas review, as it is well settled that where, as here, a state court finds that a claim is procedurally defaulted based on an adequate and independent state-law ground, the claim may not be reviewed on the merits by a federal habeas court, "unless the habeas petitioner can show 'cause' for the default and 'prejudice attributable thereto,' or demonstrate that that failure to consider the federal claim will result in a 'fundamental miscarriage of justice.'" Harris v. Reed, 489 U.S. 255, 262 (1989) (quoting Murray v. Carrier, 477 U.S. 478, 485, 495)); Williams v. French, 146 F.3d 203, 208-09 (4th Cir. 1998) (internal citations omitted).

Nor is there any doubt that Virginia Code § 8.01-654(A)(2) constitutes an adequate and independent state-law procedural rule. In this respect, a state procedural rule is "adequate" if it is "regularly or consistently applied by the state court," and is "independent" if its application does not depend on the federal Constitution. Williams, 146 F.3d at 209 (internal citations omitted). In general, a procedural rule derived from a state statute is "firmly established," and therefore

"adequate." See O'Dell v. Netherland, 95 F.3d 1214, 1240-41 (4th Cir. 1996), aff'd, 521 U.S. 141 (1997). Further, as many courts have held, Virginia Code § 8.01-654(A)(2) constitutes an adequate and independent state-law procedural rule, as it is a statutory rule that is not tied to the federal Constitution. See, e.g., Sparrow v. Dir., Dep't of Corr., 439 F. Supp. 2d 584, 587-88 (E.D. Va. 2006). Accordingly, unless petitioner can establish cause and prejudice for his procedural default, his claims of (i) ineffective assistance of trial counsel, (ii) lack of trial court jurisdiction, and (iii) error by the Supreme Court of Virginia are not reviewable on federal habeas.

To establish cause and prejudice and thereby escape the consequences of the procedural default – a bar to federal habeas review – petitioner relies on Martinez v. Ryan, _ U.S. _, 132 S. Ct. 1309 (2012). See Petitioner's Response to Motion to Dismiss ("Pet.'s Resp.") [Dkt. 14], at 8. In Martinez, the United States Supreme Court held that, if state law requires a petitioner to raise ineffective assistance of counsel for the first time on collateral review, a petitioner can establish cause for failure to raise such a claim if the state court did not appoint counsel in the collateral review proceeding or if appointed counsel was ineffective. Id. at 1318. If a petitioner establishes cause in this fashion, he must still establish prejudice to overcome the procedural default. In this respect, the petitioner must establish "that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Id. at 1318-19 (internal citations omitted). Accordingly, in the words of a recent Fourth Circuit case, a petitioner may rely on Martinez only if

> (1) [T]he ineffective-assistance-of-trial-counsel claim is a substantial one; (2) the 'cause' for the default 'consist[s] of there being no counsel or only ineffective counsel in during the state collateral review proceeding'; (3) 'the state collateral review proceeding was the initial review proceeding in respect to the ineffective-assistance-of-trial-counsel claim'; and (4) state law 'requires that an ineffective-

5

assistance-of-trial-counsel claim be raised in an initial-review collateral proceeding.'"

Fowler v. Joyner, 753 F.3d 446, 461 (4th Cir. 2014) (quoting Trevino v. Thaler, _ U.S. _, 133 S. Ct. 1911, 1918 (2013)).

The first step in the analysis to determine whether Martinez applies here is to determine whether, under Virginia law, ineffective assistance of counsel claims may be raised on direct appeal. In this respect, it is clear that Virginia law requires that all claims of ineffective assistance of counsel be raised on collateral review. See, e.g., Lenz v. Commonwealth, 261 Va. 451, 460, 544 S.E.2d 299, 304 (2001) (internal citations omitted) ("Claims raising ineffective assistance of counsel must be asserted in a habeas corpus proceeding and are not cognizable on direct appeal."); Browning v. Commonwealth, 19 Va. App. 295, 297 n.2, 452 S.E.2d 360, 362 n.2 (1994) (stating that a portion of the Virginia Code allowing some ineffective assistance claims to be raised on direct appeal was repealed in 1990). As petitioner was not appointed counsel in his state habeas proceeding, he has clearly met requirements (2), (3), and (4) explained in Trevino and Fowler. The remaining question is whether petitioner has established prejudice by showing that his claims of ineffective assistance of trial counsel are "substantial." Petitioner has failed to show that his claims are substantial, despite his contention to the contrary. Pet.'s Resp., at 9. Accordingly, he has failed to establish that Martinez excuses his procedural default.

### A.

Specifically, in Claim Two petitioner alleges that his trial attorney was ineffective for failing to investigate a possible insanity defense before advising petitioner to plead guilty. Petitioner states that his lawyer was ineffective when he "summarily rejected" petitioner's uncle's opinion that petitioner was psychotic at the time he committed his offense, and

6

petitioner's uncle's statement that he "was willing and prepared to hire a psychiatrist to mentally evaluate Petitioner for [an insanity] defense." Id. Petitioner claims that "no reasonably competent criminal lawyer would have advised Petitioner to tender a straight guilty plea to burning his mother's home without first investigating said facts and circumstances to ascertain whether a plausible insanity defense exists." Am. Pet., at unnumbered page 16.

To establish ineffective assistance of counsel, petitioner must meet the two-pronged test set out in Strickland v. Washington, 466 U.S. 668 (1984). Under this test, petitioner must prove both that his attorney's performance was so deficient "that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and that this performance prejudiced the outcome of petitioner's trial. Strickland, 466 U.S. at 687. To meet the second prong, petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A federal habeas court reviewing a claim of ineffective assistance of counsel must presume that counsel acted competently, and should determine the merits of the claim based on the information available to the attorney at the time of the trial. See, e.g., Bell v. Cone, 535 U.S. 685, 701-02 (2002); Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000).

Here, petitioner's contention that he has a substantial ineffective assistance of counsel claim has no merit. The record reflects that petitioner's counsel, prior to advising him to plead guilty, received a report from the Commonwealth's clinical psychologist, concluding that petitioner was not insane at the time of the crime. Based on this information, petitioner's attorney concluded that it was in petitioner's interest to plead guilty to the crime. See Am. Pet., at unnumbered page 17; see also Tr. Trans. (Nov. 30, 2011), at 14. Under Strickland, counsel's performance is presumed to be reasonable, and reviewing courts should not second-guess tactical

7

decisions. See, e.g., Strickland, 466 U.S. at 689. As counsel, at the time of petitioner's guilty plea, possessed a clinical report definitively stating that petitioner was sane at the time of his offense, counsel reasonably could have concluded that it would be futile to go to trial and pursue an insanity defense. In addition, petitioner has not established that had counsel pursued an additional investigation, the result of his trial would have been different. In this respect, it is significant that the trial court denied petitioner's motion to withdraw his guilty plea, finding that his plea was knowing and voluntary. See Tr. Trans. (Nov. 30, 2011), at 43-44.

Therefore, petitioner has not shown that his ineffective assistance of trial counsel claim is substantial. Accordingly, he has not established cause and prejudice to overcome the procedural default pursuant to Martinez, 132 S. Ct. at 1318-19. As he has also not shown the existence of a manifest injustice such as actual innocence, Claim Two must be dismissed.

**B.**

In Claim Three, petitioner states that trial counsel was ineffective for failing to move for a competency hearing prior to the entry of petitioner's guilty plea. See Am. Pet., at unnumbered page 19. He states that, at the time of his plea, he asked counsel for a competency evaluation because he was under the influence of an antipsychotic medication that caused "great confusion of mind." Id. However, petitioner states that his attorney "ignored that request and apparently relied on his own belief that petitioner was competent." Id. Petitioner again argues that his claim is substantial and therefore constitutes cause and prejudice to excuse the procedural default under Martinez.

Again, however, petitioner's claim fails. As the record reflects, petitioner received a competency evaluation from the Commonwealth's clinical psychologist on March 24, 2011. As a result of this evaluation, the psychologist concluded that "[petitioner]'s current condition

appears to meet the basic criteria for the finding of Competency to Stand Trial and Competent to Plead." Pet.'s Resp., Ex. D, at 2. The report continued, "his continued competency may be contingent on his willingness to continue to take his prescribed medications. He presently expresses the intent of doing so." Id. The test for determining legal competency is whether a defendant has a rational understanding of the proceedings, and can assist in his own defense. See Dusky v. United States, 362 U.S. 402, 402 (1960) (per curiam). In order to be competent to plead guilty, the trial court must also determine that the defendant made a knowing and voluntary waiver of his trial rights. See Godinez v. Moran, 509 U.S. 389, 400-01 (1993). Importantly, to establish ineffective assistance of counsel for failing to investigate a claim of incompetency, Fourth Circuit precedent has made clear that the petitioner, to satisfy the performance prong of the Strickland[5] test, must prove only that the court would have held a competency hearing; importantly, the petitioner does not need to show that he would actually have been found incompetent. See Becton v. Barnett, 920 F.2d 1190, 1193-94 (4th Cir. 1990).

It is clear on the facts here that, unlike the counsel in Becton,[6] petitioner's counsel did not rely on his own assessment of petitioner's competency, but instead, reasonably relied on the conclusion of the Commonwealth's psychologist that petitioner was competent both for trial and to plead guilty. To be sure, the involuntary administration of antipsychotic drugs violates a defendant's right to a fair trial,[7] but here there is no record indication nor contention that petitioner was being forced to take medication. Indeed, as petitioner agreed to continue taking his medications, it would have been reasonable for his lawyer to conclude that petitioner would

---

[5] Strickland, 466 U.S. at 687.

[6] In Becton, the "record [was] devoid of any evidence that counsel took any steps to ascertain the competency of [petitioner]." Becton, 920 F.2d at 1191.

[7] Riggins v. Nevada, 504 U.S. 127, 133-35 (1992).

9

continue to remain competent for the duration of the proceedings. In addition, as petitioner agreed to continue taking his medication, he cannot show that the court would have held a competency hearing. Accordingly, petitioner has not demonstrated that he has a substantial claim of ineffective assistance of counsel based on counsel's failure to move for a competency hearing.

Accordingly, petitioner has not established cause and prejudice to overcome his procedural default pursuant to Martinez, 132 S. Ct. at 1318-19, nor has he shown the existence of a manifest injustice such as actual innocence to overcome the default. Therefore, Claim Three must be dismissed.

### C.

In Claim Five, petitioner states that trial counsel was ineffective for failing to negotiate a plea bargain "for the statutorily mandated minimum five year sentence, for hospitalization, for probation, or for one of the sentences recommended by the sentencing guidelines in exchange for his plea of guilty." Am. Pet., at unnumbered page 24. Petitioner states that had his attorney negotiated such a plea bargain, petitioner would have "readily accepted it in exchange for his plea of guilty." Id. It appears that petitioner also intends for Martinez to apply to this claim, as he includes it in his list of "substantial" ineffective assistance of counsel claims. See Pet.'s Resp., at 7-8, 13.

This claim is also meritless. Specifically, petitioner cannot establish that had counsel attempted to negotiate a plea deal, he would have succeeded in obtaining a plea agreement promising petitioner the mandatory minimum five-year sentence, hospitalization, or probation. As the trial judge noted at sentencing, petitioner had committed two arsons in two years. See Tr. Trans. (Nov. 9, 2011), at 31. Moreover, the same prosecutor was responsible for both arson

prosecutions. In this regard, the prosecutor stated that due to petitioner's mental health issues, the Commonwealth "gave him the benefit of the doubt" and a "less restrictive" sentence during the first prosecution. Id. at 28. Based on these facts, there is no sound reason to conclude that the prosecutor would have agreed to a sentence for petitioner at the statutory minimum or some lesser sentence, even if petitioner's counsel had negotiated a plea bargain. Thus, petitioner cannot show any basis for concluding that his counsel could have successfully negotiated a more favorable plea bargain.

Accordingly, as petitioner has not established that he has a substantial claim of ineffective assistance of counsel, he has not provided cause and prejudice to overcome his procedural default pursuant to Martinez, 132 S. Ct. at 1318-19. He has also failed to establish the existence of a fundamental miscarriage of justice such as actual innocence. Claim Five must therefore be dismissed.

### D.

In Claim Four, petitioner claims that his guilty plea was neither knowing nor voluntary, owing to counsel's failure to advise petitioner properly of the effect of the sentencing guidelines. See Am. Pet., at unnumbered page 22. Specifically, petitioner states that trial counsel did not inform him prior to his plea hearing that defendants were usually sentenced within the applicable guideline range. See id. at unnumbered page 23. Petitioner's estimated guideline sentence was between eleven months and two years, seven months. See Tr. Trans. (June 30, 2011), at 9. Petitioner states that, had he known this fact, he would not have pled guilty, "exposing himself to a potential life sentence . . . ." Am. Pet., at unnumbered page 23. The record reflects, however, that at petitioner's guilty plea, the trial judge informed him that his crime carried a potential life sentence and that he, as the sentencing judge had "a ton of discretion." Tr. Trans. (June 30,

11

2011), at 10-11. The judge also told petitioner that "more than likely, the court's going to follow the guidelines on that; but it doesn't . . . have to follow the guidelines. They're just advisory." Id. at 11. Thus, it appears that petitioner did have knowledge of the potential effect of the sentencing guidelines.

Petitioner does not explicitly state this claim as one of ineffective assistance of counsel, and it does not appear that he wishes Martinez to apply to this claim. Yet, even assuming that Martinez applies, petitioner has provided no facts that would establish cause and prejudice for his procedural default, as he has not demonstrated that his claim of ineffective assistance of counsel is substantial. As he has also not indicated the existence of a fundamental miscarriage of justice such as actual innocence, federal habeas review of this claim is barred. Therefore, Claim Four must be dismissed.

**E.**

In Claim Six, petitioner states that "the trial court lacked subject-matter jurisdiction over him and his crime because the plea hearing transcript is absolute [sic] devoid of any evidence that his crime was committed within the Commonwealth of Virginia." Am. Pet., at unnumbered page 24. This claim is not one of ineffective assistance of counsel, and it does not appear that petitioner intends for Martinez to apply. Yet, even assuming that Martinez does apply, petitioner has failed to establish that his claim of ineffective assistance of counsel is substantial, excusing the procedural default. He has also failed to indicate the existence of a fundamental miscarriage of justice such as actual innocence. Moreover, quite apart from this, the record makes unmistakably clear that the fire at issue in the instant case was set in Virginia. Therefore, any objection to subject matter jurisdiction is meritless, if not frivolous. Accordingly, Claim Six must be dismissed.

## F.

In Claim Seven, petitioner states that "the Supreme Court of Virginia violated Petitioner's constitutional rights to counsel, to due process of law, and to equal protection of the law by failing to appoint him counsel in [his initial state habeas proceeding]." Pet.'s Resp., at 13. Petitioner states that the Supreme Court of Virginia's failure to appoint him counsel violated Martinez, and that the Supreme Court of Virginia therefore should not have dismissed his claim as time-barred, pursuant to Virginia Code § 8.01-654(A)(2).

This claim fails, as petitioner's argument misconstrues Martinez. Martinez does not provide a free-standing right to counsel in collateral review proceedings. Indeed, the United States Supreme Court in Martinez explicitly declined to decide whether the Constitution required the assistance of counsel on collateral review. Martinez, 132 S. Ct. at 1315. Instead, the Supreme Court made clear that it decided only the "more narrow, but still dispositive" question of whether "a federal habeas court may excuse a procedural default of an ineffective-assistance claim when the claim was not properly presented in state court due to an attorney's errors in an initial-review collateral proceeding." Id. at 1313. As discussed above, the Supreme Court answered this question in the affirmative. Since deciding Martinez, the Supreme Court has reaffirmed the narrow nature of the holding, and has not expanded the case to provide a right to counsel on collateral review. See, e.g., Trevino, 133 S. Ct. at 1915 (expanding Martinez only to situations in which a state court's procedural rules do not require ineffective assistance claims to be raised on collateral review, but make it "virtually impossible" for them to be raised on direct appeal). It is also worth noting that no district or circuit decision has been found expanding Martinez into a free-standing right to the assistance of counsel on collateral review.

In sum, even assuming that <u>Martinez</u> provides a basis for relief from petitioner's procedural default, Claim Seven fails, because neither <u>Martinez</u> nor any other binding or persuasive precedent has expanded <u>Martinez</u> to provide a right to counsel on collateral review.

### III.

The only claim in the instant petition not barred by a state procedural rule is petitioner's first claim, namely his claim that his appellate attorney rendered ineffective assistance of counsel by "withdraw[ing] from prosecuting petitioner's direct appeal without notice to him, without filing an [Anders] brief, and without leave of court." Am. Pet., at unnumbered page 9. Petitioner states that his attorney's actions "denied [petitioner] the right to prosecute his appeal before the Supreme Court of Virginia." <u>Id.</u> Specifically, petitioner states that, after the Court of Appeals of Virginia dismissed his appeal, counsel failed to assist him in pursuing further review by the Supreme Court of Virginia. Petitioner raised this allegation in his first state habeas petition in the Supreme Court of Virginia. During that proceeding, petitioner's attorney submitted an affidavit stating that:

> 3. On September 12, 2012, [he] informed [petitioner] by letter that the Court of Appeals had denied his petition and that a notice of appeal to the Supreme Court of Virginia had to be filed 30 days from August 29, 2012. [Counsel] told [petitioner] [counsel] had to know immediately if he wished to appeal to the Supreme Court and that the deadline could not be missed. [Counsel] heard nothing more from [petitioner] until he wrote [counsel] on January 30, 2013 . . . .
> 4. [Counsel] sent a copy of the September 12, 2012 letter to [petitioner's] uncle, Dr. Robert Baker. Dr. Baker advised [counsel] by telephone that he was <u>not</u> instructing [counsel] to appeal to the Supreme Court of Virginia.

Mot. to Dismiss, Ex. 1, at 2, <u>Baker v. Dir., Dep't of Corr.</u> (emphasis in original); <u>see also</u> Am. Pet., at unnumbered page 4. In response, petitioner states that at the time his attorney wrote that letter, petitioner was confined in a mental health unit in jail, taking medication for bipolar disorder and psychosis, and was not able to read or to understand this letter. Am. Pet., at

14

unnumbered page 4. Further, he states that both the Commonwealth and his attorney knew of his confinement in the mental health unit. Id. He also argues that his attorney did not certify that he actually mailed the letter to petitioner. Id.

The Supreme Court of Virginia, reviewing this claim, concluded that petitioner had failed to satisfy the standard for ineffective assistance of counsel articulated in Strickland, 466 U.S. at 668. See Baker v. Dir. of the Dep't of Corr., slip op., at 1-2. In the circumstances at bar, it is unnecessary to consider whether the Supreme Court of Virginia's decision was contrary to, or an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts presented at trial, pursuant to 28 U.S.C. § 2254(d)(1)-(2), as this claim fails at the threshold. Simply put, petitioner has no Sixth Amendment right to counsel on discretionary appeal, and the right to effective assistance of counsel arises only when a petitioner has a right to counsel. See Wainwright v. Torna, 455 U.S. 586, 587-88 (1982) (per curiam) ("Since respondent had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel by his retained counsel's failure to file the application timely."). Absent a right to counsel, any assistance provided by counsel cannot be considered to be constitutionally ineffective. See id.; see also Pennsylvania v. Finley, 481 U.S. 551, 554-55 (1987) (holding that the constitutional requirements laid out in Anders apply only when a defendant has an existing right to counsel on direct appeal). Although it is well-established that defendants have a right to counsel on their first appeal of right,[8] it is equally well-established that defendants do not have a right to counsel on discretionary appeals. See Ross v. Moffitt, 417 U.S. 600, 610 (1974); Wainwright, 455 U.S. at 587-88.

---

[8] Douglas v. California, 372 U.S. 353 (1963).

15

With the exception of death sentences, review of criminal convictions by the Supreme Court of Virginia is discretionary. See Va. Code § 17.1-313A ("A sentence of death . . . shall be reviewed on the record by the Supreme Court."); § 17.1-409A (providing for discretionary review "in any case in which an appeal has been taken to or filed with the Court of Appeals"). Accordingly, petitioner did not have a right to the assistance of counsel in his petition for review by the Supreme Court of Virginia, and any deficient performance by his attorney in this regard does not implicate the Sixth Amendment. See Branch v. Murray, No. 94-6432, 1994 WL 7332245, at *2, 46 F.3d 1122 (4th Cir. Dec. 28, 1994) (Table).

As petitioner did not have the right to the assistance of counsel in his pursuit of review by the Supreme Court of Virginia, any alleged deficient performance of counsel in seeking discretionary review implicates no Sixth Amendment right. Accordingly, Claim One must be dismissed.

## IV. Conclusion

For the above-stated reasons, respondent's Motion to Dismiss must be granted, and this petition must be dismissed. An appropriate Judgment and Order will issue.

Entered this 24th day of March 2015.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge